May it please the Court. My name is Andrew Wilhelm on behalf of the Appellant's Zina Butler. The District Court in this case committed at least three reversible errors. First, it failed to analyze relation back to Ms. Butler's claims under California Code of Civil Procedure 473. Second, it did not uphold the 4M period while it screened Ms. Butler's complaints pursuant to Section 1915. And third, it did not properly analyze California Appellate's report. It's why they accepted that pro se litigants pose a special challenge to district courts, often unaware of pleading rules, legal terminology, and how to proceed through the procedural maze of the federal court system. This confusion is compounded when plaintiffs file for IFP status and are unsure whether they can file and serve their complaints or that the district court is screening the complaints, which is what happened. Well, now the screening issue is coming up for the first time on appeal, though, right? I mean, that was never, the district court never had an opportunity to address equitable tolling and screening, correct? Your Honor, the district court did not mention at all that it was screening Ms. Butler's complaints pursuant to Section 1915. Well, now, but wasn't the appellate commissioner the first person that brought up that screening would, might be a tolling issue? It wasn't, it wasn't counsel, it wasn't the pro se litigant. So that's being raised for the first time on appeal, so why isn't it waived? The Ninth Circuit asked us to brief this issue, Your Honor, the screening panel, and so we have. And as a matter of law, and to be reviewed in OVO, this court should establish, like every other court, a circuit court to examine the issue, that screening an IFP complaint pursuant to Section 1915 also tolls Rule 4M because it constitutes good cause for the delay. But isn't that true only if it's adequately raised below, which is Judge Gellaghan's point? Your Honor, it was not raised below because the district court never made it clear that it was even screening Ms. Butler's complaints, although, in fact, it was. Ms. Butler never had the opportunity because... What do you mean, although, in fact, it was? Your Honor, the district court never once mentioned that it was screening Ms. Butler's complaints or mentioned Rule 4M. However, it's to his fault they dismissed her first and second amended complaints. And after having she filed... That necessarily means these were being screened? Well, then what do you mean by screened? Your Honor, Ms. Butler filed for IFP status. Instead of granting or denying her motion, the magistrate judge allowed her to file without prepayment of filing fees. And, in fact, the IFP motion was never ruled upon. However, it appears that the district court considered Ms. Butler to be in IFP status because it's to his fault they screened her complaints and dismissed the first and second amended complaints. This court should establish, first of all, that the district court should make clear to IFP plaintiffs whether it is screening the complaint or whether the plaintiff is free to serve the complaint. That was a highly ambiguous point here, pursuant to the magistrate judge's order, which stated the order does not authorize the service of complaint by the U.S. Marshal Service and further proceedings in the matter are subject to the district judge to whom the case is assigned. Normally, in IFP status, an IFP plaintiff would be entitled to U.S. Marshal Service. However, in this case, the order said Ms. Butler was not entitled to Marshal Service, however, that proceedings were subject to the district judge to whom the case was assigned. Therefore, Ms. Butler had no way of knowing whether her complaints were being screened or whether she was free to serve those complaints. And if you're right, what does that mean? And, Your Honor, if we're right, that means, first of all, that the 4M period for service should be told while the district court screened those complaints. One of the arguments... And what does while mean? What time period are you talking about then? Your Honor, we're talking about the period from when Ms. Butler filed her original timely complaint to the time that... I think he's asking you how many days. 92, Your Honor. 92 days from when she filed her complaint to when the Third Amendment complaint was finally accepted and motions were raised about that complaint. Furthermore, the district court erred on the issue of California equitable tolling. This court in Cervantes v. City of San Diego held that it is mandatory for a district judge to practically apply each of the three elements of California equitable tolling, notice, lack of prejudice, and good faith. Here, the district court did not analyze any of the three elements and, in violation of this court's en banc decision in Davidson, decided the issue on the pleadings. This court has repeatedly held that the issue of equitable tolling is more properly decided at the summary judgment or trial stage when the district court has all of the evidence in front of it. This court violated that decision by both not practically analyzing any of the three elements and also by deciding the issue at a motion to dismiss. This court should remand the issue of equitable tolling so Ms. Butler can raise all of the full evidentiary facts in front of the district court before it makes that determination. The record in this case offers ample support that, in fact, Ms. Butler did meet the elements of California equitable tolling. First, by giving notice to all of the defendants. Second, by none of the defendants. Well, you said she gave notice. I mean, what authority would allow us to hold that a defendant who had not been served and was not named in the complaint had proper notice that a plaintiff intended to sue him based on the fact that the plaintiff had filed a claim or a complaint against him directly? Your Honor, first of all, the district court never considered the issue of notice, particularly in relation to the housing authority, and so it should be decided for the first instance at the district court. However, there is much evidence that Ms. Butler did provide notice to all of the defendants. First, by contacting them many, many times the week after the incident, speaking directly to some of the defendants by phone. She then filed state court claims against both the county and the city of Palmdale. And finally, just a month or two before she filed this 1983 claim, called the housing authority and requested their report of the incident, and they told her she would not be allowed to have that without a subpoena. So only after these many, many contacts with all of the defendants did she file the 1983 claim. Does all that qualify as notice? Yes, Your Honor. An anonymous voice on the telephone calling up somebody? Your Honor, the purpose of notice this court has held is to prevent prejudice to the defendants. Is it sufficient notice if I simply call you on the telephone and say, hi, I'm suing you because I understand you did what such and so? Is that notice? Your Honor, if I as the defendant knew who you were and which claim you were talking about, then that might be very well sufficient notice. The purpose of which is simply to preserve evidence and to be able to provide it. What's your best case for that? Might be. Your Honor, our best case for notice is both Cervantes, which tells, furthermore, that there can be evidentiary privity, that if two entities are closely enough related, notice to one may impede notice to another. I haven't looked at Cervantes. That says that a telephone call of the kind that you're describing can be notice? It did not specifically say that, Your Honor. However, we have more than a telephone call here. What does specifically mean? What did it say about that? Your Honor, Cervantes and most of the Ninth Circuit equitable tolling cases have to do with some sort of claim, either a state court claim, which we have here, or an administrative claim. However, no case holds that these are the only types of notice, and even if they were, both defendants would serve state courts. What was the notice given in Cervantes? It was an administrative claim, Your Honor. Are you asking us to hold that a telephone call can be notice? Your Honor, we're asking you to hold that as long as the defendants know who the plaintiff is. By a telephone call? A telephone call may or may not be sufficient. We have more than a telephone call. We have a week's worth of telephone calls, two state court claims, and then a month prior to filing the federal action, another phone call specifically asking for the report of this exact incident. And furthermore, those two state court claims verbatim mirror the 1983 action that Ms. Butler filed here. So both defendants were on exact notice verbatim of the exact claim that she filed in this court, and therefore they are both on notice and lack prejudice. Are some of these the documents that you want to claim judicial notice of? I'm sorry, Your Honor? Are some of these documents that you're talking about the ones you're asking us to take judicial notice of? Yes, Your Honor. But they weren't before the district court, right? So you're asking us to take judicial notice of documents that weren't before the district court, right? The housing authority documents were not before the district court. However, this court is able to take judicial notice of them, being that they're not reasonably in dispute in their government records. Furthermore, this underscores the point that particularly the equitable tolling issue was based on the pleadings in violation of Davidson, and the district court did not have this evidence in front of it when it should have to make this determination of notice for the purpose of equitable tolling. All right. Thank you. I'll give you two minutes for rebuttal. Thank you, Your Honor. Thank you. Good morning. Good morning, Your Honor. May I please report? Nicole Davis-Kincombe on behalf of the Housing Authority of the County of Los Angeles and Mr. Lee DiRico. I will attempt to keep my time within the five minutes to allow Mr. Bailey some time as well to address any issues relating to the city of Congress. Okay. That being the case, if he gets five minutes, unless we're asking you questions, I'm going to cut you off when you get there. So don't worry, sitting at the table, that she's using up your time. Okay? If we ask her more questions, I'll still give you five minutes. Okay? I appreciate that, Your Honor. So tell me, just, why don't you just remind me, she's, part of this is all settled out, right? There's been settlements with certain people in this case. That's correct. The party that was allowed to remain in the action in the national court, in fact, settled out of the case.  So the plaintiffs or the appellants' wish list at this point would be what, from your perspective, and why is that wrong? It would be to actually be able to add new parties after the statute of limitations had already run. And that, in and of itself, is not allowed for under any of the state relation back principles, and also the federal principles. And for that reason, I believe it would be wrong to overturn the decision made by the district court. Well, what about the, it would seem that there are, we don't have any circuit precedent, what, as to the relation back or as to the tolling when it's screening, right? We don't have any precedent on either of those. It's all other circuits. Well, there is some precedent as it relates to the application of state relation back in the Ninth Circuit, specifically referring to the Merritt case. There is no clear indication from the courts, at least the district courts, as it relates to the tolling of the Rule 4M period. But I believe the Rule 4M period is, or the Rule 4M is very clear. The only way we can have tolling is if there were actually a motion prepared by Ms. Butler that demonstrated good faith that it would allow for such tolling, or a sui sponte motion by the district court, neither of which occurred in this case. And for that reason, in addition to the fact that Ms. Butler did not demonstrate any mistake in the naming of the parties, there should be no relation back in this case. Well, with regard to the 4M issue, you didn't argue that they waived it for that reason in the district court, did you? We did, in fact, argue that the plaintiff, or Ms. Butler, did, in fact, waive the argument about the tolling of the Rule 4M period because she did not actually state it in the underlying district court papers. And for that reason, it was not actually properly before the district court for her to examine. But nonetheless, the district court did examine the mistake issue and found that because there was no mistake, there was no need to even get into the 120-day period of notice in the examination of those issues. If we were to, consistent with the other circuits, if we were to hold that screening, that period that they would be entitled to the 92 days, how would you, what would be your, if we were to be consistent with the other circuits on what, you know, how, that there's tolling during the screening period, would you lose then, or could you still win? We believe we would still win. And why is that? Because that's only one component, meaning the notice within the 120 days is only one component. There has to be notice of an actual mistake of identity under the federal rules. And there is, in fact, no mistake of identity because under the Krefsky case, the plaintiff had to be without complete knowledge, not only of the actual name of the parties, but how they were involved in the events at issue on April 18, 2007. That's absolutely not the case. There are multiple admissions by Ms. Butler that she, in fact, knew not only of the existence of the Housing Authority and Mr. Dorico, but exactly what roles they played on the date of April 18, 2007. And for that reason, this was an addition of new parties, not a mistake of identity. Okay. You still have another minute and 20 seconds if you want to use it. Do you recall where in your brief you raised the waiver issue? I do not recall at this very moment, Your Honor, but I believe it was actually in our first set of briefing that we raised the waiver issue. And I believe it was mentioned, I believe it was towards the second section of our briefing in the supplemental briefing that we prepared. And I'd also like to state that under equitable tolling, it was never in front of the district court any facts relating to either the Housing Authority or Mr. Dorico that would raise any possibility that equitable tolling would apply. Specifically, there was no first action alleged by Ms. Butler, and there was nothing in the record that would demonstrate to the court that there was a first action that would put either Mr. Dorico or the Housing Authority on notice. And for that reason, under state relation-backed principles, federal relation-backed principles, and California equitable tolling, Ms. Butler's claims fail. And the court, the district court's decision should be affirmed. All right. Thank you. All right. Can you stop the clock for one second? So if you, while your co-counsel is arguing, if you find in the briefs, I'll ask you at the end of that so that you can direct Judge Bennett to that. Thank you. Good morning. Good morning, Your Honor. May it please the court. Toussaint Bailey for the City of Palmdale. Oscar Barraza, appellees. The equitable tolling issue under California law was the only issue under Rule 15c1a that was raised below in terms of state law applying here. And as to that equitable tolling issue, I believe the city defendant's issue is not that the appellant did not qualify for equitable tolling. With respect to the city defendants, the court assumed appellant qualified for that equitable tolling, but just found that the nature of relief was not helpful to the appellant. If the claim was only tolled for a few days while the city considered the administrative claim, then that didn't give sufficient time between the original complaint and the second amended complaint to do anything for plaintiff. I believe recognizing this, the appellant has another more novel tolling theory that would toll the second amended complaint in the same action based on an erroneous filing of the original complaint. And the district court correctly pointed out that there's no precedent under California law for that. The only precedent that could potentially be on point where there's consideration of the same remedies within the same forum deals with separate actions. And when there's an erroneous dismissal by a trial court and the defendant has some sort of dilatory tactics that prevent the bringing of a second action, the California courts will recognize a narrow exception for that second action to be brought under equitable tolling principles. None of that is even remotely involved here. So... Well, Mr. Bailey, on the relation back argument, doesn't section 473A1 of the California Civil Code preclude relation back to name a new defendant? And the next section, 474, just allows it for a misnomer, neither one of which would be applicable here. So there's no California theory that would allow her to name a new defendant in an amended complaint unless it related back. And California law, as I understand it, doesn't allow it to relate back. That's correct. And the appellant argues that it was error for Judge Moreau not to consider 473A1. But that's not completely accurate that Judge Moreau didn't consider 473A1. You'll note at page 28 of the appellate record, Judge Moreau says, as we noted, she remarks that as she noted in her January 13, 2010 memorandum, an order as to the third amended complaint, the defendant, the plaintiff failed to sufficiently identify the city defendants. And if you look back at that third, that dismissal of the third amended complaint, there, Judge Moreau says, whereas an amended complaint does not add a new defendant, but simply corrects a misnomer by which an old defendant was sued, case law recognized an exception. And then she cites Hawkins, and she also cites 473A1. But she goes on to say, plaintiff here does not allege that she named the city defendants in the third amended complaint in an effort to correct a misnomer. In the third amended complaint, plaintiff named the city defendants in lieu of, not in addition, or in addition to, not in lieu of the defendants named in the previous plea. So she addressed that, albeit by reference, but she definitely addressed for CCP 473A1. And then under federal law, I believe my co-counsel correctly notes that the inquiry doesn't begin and end with Rule 4M. If there's no mistake, then there's no need to go into how long the 4M period was for discovering that mistake. In here, the district court correctly found that there was an absence of any mistake whatsoever. Additionally, the screening argument that Butler makes about there being 92 days of screening is not supported by the record. Butler claims that she was screened and prevented from serving any of the defendants during the time that the district court was allegedly screening these complaints. However, the record shows that Butler did, in fact, attempt to serve either the first or second amended complaint on the housing authority and also on National Renaissance Corporation prior to the district court's dismissal of the second amended complaint. Well, is that screening argument, is it waived, or do you think it's properly before us? Since it's, I mean, arguably, if something, if it's a legal issue, DeNova Review and she was a, you know, she was pro se, is it before us, or did she waive it, or what's your position? My position is that it's not properly before the court, because you're not just talking about screening. You're talking about whether or not the screening constitute good cause for tolling the 4M service period. And you would have to give the judge below a chance to consider whether or not there was good cause and to consider all the facts to support good cause. But you didn't argue in your brief, did you, that the appellant waived the 4M rule? We didn't argue in our brief that the appellant waived the 4M rule. We argued that there was nothing to prevent the appellant from serving these complaints, and, in fact, she did attempt to serve the second amended complaint. Where is that in the record? Did you say it's in the record? There is. It is. Docket entry number. Oh, is that in the ER? Yeah, it's going to be in the ER, and it's in the docket, and it shows that on the same day that the district court dismissed the appellant's second amended complaint, she attempted to serve either the second amended complaint or the first amended complaint. It's not clear from the docket on both HACOLA and the Housing Authority. Actually, it's page 244 of the appellant record, and it's docket entries number 12 and 13, and it shows there was an attempt of service on July 17, 2009, albeit by mail. But there was an attempt of service. So the contention that the appellant was somehow prevented from serving by the district court's consideration of whether or not the complaints had merit just doesn't hold in the face of the attempted service that the appellant made. All right. We've gone over your time, but if either of my colleagues have additional questions, they don't appear to. Thank you for your argument. Just a couple of points in rebuttal, Your Honor. The first about the service Ms. Butler attempted, most if not all of the attempted service of her first and second amended complaints actually came after the district court dismissed those complaints, just showing her confusion as a pro se litigant. Most of them came after those complaints were actually dismissed. And where does it say that in the record? The service is at 2ER 41, 71, and 74, I believe. Second, to be clear, we are asking the Ninth Circuit to join all of the other circuits who have examined the 4M issue to hold that screening an IFP complaint is good cause for 4M, and the district court must hold that. All right. So let's assume that we go with the other circuits, then we don't create a split, and we say that. Why do you still win, though? Or does it have to be remanded? Your Honor, this court should remand for not only the 4M issue, but also equitable tolling, which is improperly decided. If it were to remand on 4M, the district court concedes that equitable tolling, excuse me, the city agrees that equitable tolling applies to it. And if 4M, the 92 days were extended, then the city and, in fact, the housing authority would be timely defendants and Ms. Butler could reach the merits of her claim. Finally, regarding the state relation back issue, 473 allows for the correction of misnomers. Well, the district court says, and I'm referring to ER 18, plaintiff alleges that she contacted Hecola within a week of the search and was told that Derrico had, quote, had led the investigation of her apartment unit. Hence, plaintiff's failure to identify Hecola or Derrico as a defendant in an original complaint was not the product of an error in determining the identities, et cetera, et cetera. Your Honor. Do you dispute that, that she was told? She admits she was told within a week. No, Your Honor, and I don't have that page in front of me. I believe the district court is examining 15C relation back there. If not, my apologies. First of all, Ms. Butler is a pro se litigant, and I would direct this court's attention to the Seventh Circuit case of Donald v. Cook County Sheriff's Department, where he also used terms such as doctors on staff, police on staff, and used the word adding defendants later, and the district court found that as a pro se litigant, under the circumstances, those were valid misnomers, placeholders until that plaintiff was able to put the correct names in. The same is true here with Ms. Butler, who has a pro se. Let me ask you this. Why don't you summarize and tell me exactly what is your wish list? If we were to write an opinion, what are you asking us to hold, and what are you asking us to remand? Your Honor, we're asking you to remand essentially on three issues. First, for the district court to analyze relation back not under 474 California, which deals with adding defendants, but 473, which deals with correcting misnomers, as Ms. Butler did. Second, we're asking for this court to establish the 4M tolling rule and to remand on that issue, which makes the defendants in this case timely. And finally, we're asking the circuit to remand on the issue of equitable tolling, which was improperly decided on the pleadings, and as we've noted, much of the evidence we've discussed here was not in front of the district court, and the district court should be entitled to hear all of that evidence before it makes the equitable tolling determination. All right. Thank you for your argument. I do have one question from a Pelley. You wanted to – did you want to provide a cite to the record? I actually wanted to beg the court's pardon that I was looking for a better supplemental brief, and did not specifically make that argument. Instead, what we did was we made arguments relating to the rule 4M as a request of the court, so I apologize to the court. All right. Thank you. All right. This matter will stand submitted. I want to thank both sides for excellent argument in this matter. I also, when we have pro bono counsel, I would – I like to thank pro bono counsel from the standpoint when we have difficult legal issues, it's greatly of assistance to the court to have good briefing and good argument, and certainly I see the Dean of Pepperdine sitting out in the audience as well, so we thank parties for providing argument to the court, and as a law student, you should be proud of your argument before the court, and we hope that all of you will come back on another occasion. Thank you.
judges: Bennett, TROTT, CALLAHAN